IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JACQUELINE C. DU BOIS,<br><br>    Plaintiff,<br><br>v.<br><br>MARTIN LUTHER KING, JR., FAMILY CLINIC d.b.a. FOREMOST FAMILY HEALTH CENTERS,<br><br>    Defendant. | Case No. 3:17-cv-02668-L (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Before the Court is Defendant Martin Luther King, Jr., Family Clinic d.b.a. Foremost Family Health Centers's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "Motion"). Def.'s Mot. (ECF No. 29). For the reasons stated, the District Court should GRANT the Motion and dismiss Plaintiff Jacqueline C. Du Bois's Amended Complaint with prejudice.

**Background**

This lawsuit is the latest in a series of legal actions arising out of the employment and subsequent termination of *pro se* Plaintiff Jacqueline C. Du Bois, a pediatrician who worked as Chief Medical Officer for Defendant Martin Luther King, Jr., Family Clinic d.b.a. Foremost Family Health Centers (Foremost) from August 2013 to August 2015. Am. Compl. at 2 (ECF No. 28). Foremost and Du Bois

1

entered into an Employment Agreement on August 8, 2013, setting forth terms and conditions of employment. *Id.*; *see also* Def.'s App. at 293-307 (ECF No. 31). But Foremost and Du Bois's working relationship deteriorated. Am. Compl. at 2. Du Bois purportedly faced several challenges and experienced mistreatment during her time at Foremost. Specifically, Du Bois alleges that she experienced race, color, gender, and age discrimination during her employment. *Id.* She also avers because "her work environment became severely hostile," she was prepared to resign. *Id.* Instead, Du Bois alleges she was "abruptly terminated." *Id.* For its part, Foremost maintains that it terminated Du Bois in August 2015 when it learned she failed to renew her certification to prescribe controlled substances and had prescribed controlled substances to at least four patients while her certification was expired. Def.'s App. at 106-07, 308-16, 324-29. Also, after Foremost terminated Du Bois, it learned she failed to complete at least 249 patient records. *Id.* at 317-21. Because Du Bois failed to timely complete medical records and prescribed controlled substances with an expired certification, Foremost was required to file a report with the Texas Medical Board, which agreed Du Bois failed to maintain proper medical records and prescribed controlled substances with an expired certificate. *Id.* at 323-29.

Du Bois filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") on October 24, 2015. *Id.* at 10-14. Du Bois's EEOC Charge indicates Foremost discriminated against her based on color, sex, and age and retaliated against her. *Id.* Before receiving a right-to-sue letter from

the EEOC, Du Bois filed suit against Foremost on November 18, 2015, in the 68th Judicial District Court, Dallas County, Texas, with Cause No. DC-15-14073 (the "State Court Lawsuit"). *Id*. at 107. On August 3, 2016, Foremost filed a Motion to Abate in the State Court Lawsuit. *Id*. at 3-26. In her response to Foremost's Motion to Abate, Du Bois admitted she reported Foremost to the EEOC for: (1) "discrimination based on color, sex and age"; (2) "violation of the Equal Pay Act"; and (3) "retaliation for reporting same[.]" *Id*. at 28.

Foremost sought to obtain a favorable judgment in advance of trial by filing successive summary judgment motions. On August 31, 2016, Foremost filed a Motion for Partial Summary Judgment ("First Motion for Summary Judgment") seeking summary judgment on traditional and no-evidence grounds on Du Bois's claims for (1) breach of fiduciary duty, (2) intentional infliction of emotional distress, (3) breach of contract, money had and received and unjust enrichment based on bonuses, and (4) breach of contract, money had and received and unjust enrichment based on the electronic health record incentives. *Id*. at 107. Du Bois then filed a Third Amended Petition and a response the morning of the summary judgment hearing on October 10, 2016. *Id*. at 33-45. The trial court granted in part Foremost's First Motion for Summary Judgment. The court dismissed Du Bois's claims of breach of fiduciary duty, intentional infliction of emotional distress, breach of contract, money had and received and unjust enrichment. *Id*. at 104-11.

On November 11, 2016, Foremost filed a Motion for Summary Judgment ("Second Motion for Summary Judgment") on both traditional and no-evidence

grounds seeking judgment on all causes of action. *Id.* at 255-412. On December 5, 2016, one week before trial, the trial court granted Foremost's Second Motion for Summary Judgment and ruled on Foremost's objections to Du Bois's summary judgment evidence. *Id.* at 104-11. Du Bois appealed, and the Dallas Court of Appeals affirmed the dismissal of her claims on summary judgment. *Id.*

Du Bois subsequently filed this lawsuit on September 29, 2017. Compl. (ECF No. 3). Foremost filed an answer on June 12, 2018. Answer (ECF No. 16). On November 27, 2018, Du Bois filed a third lawsuit against Foremost. *See DuBois v. Martin Luther King, Jr. Family Clinic,* Cause No. 3:18-CV-3118-L (N.D. Tex. Nov. 27, 2018). On December 7, 2018, the Court consolidated Du Bois's third lawsuit into this case and ordered her to file an amended complaint. *See* Order (ECF No. 27).

Du Bois filed her Amended Consolidated Complaint on December 27, 2018, in which she pleads the following claims: (1) violation of the Equal Pay Act; (2) violations of "Title VII of the Civil Rights Act;" (3) violations of the Age Discrimination "in the Employment Act;" and (4) retaliation. Am. Compl. 3-5. Foremost filed the Motion on January 10, 2019, arguing that Du Bois's Amended Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(6) on several grounds. *See generally* Mot. at 1-2. Du Bois failed to respond to the Motion, so the Court considers the Motion without the benefit of a response.

## Legal Standards

To survive Foremost's Rule 12(b)(6) motion to dismiss, Du Bois's complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Du Bois's factual allegations must "raise her right to relief above the speculative level," but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). Du Bois's claims have facial plausibility if she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to [Du Bois]." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

"Generally, a court ruling on a motion to dismiss may rely on only the complaint and its proper attachments. A court is permitted, however, to rely on documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333,

338 (5th Cir. 2008) (citations and internal quotation marks omitted). "A written document that is attached to a complaint as an exhibit is considered part of the complaint and may be considered in a 12(b)(6) dismissal proceeding." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). Additionally, a "court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

## Analysis

Res judicata bars all Du Bois's causes of action. Additionally, Du Bois's claims of discrimination and retaliation under Title VII and the ADEA are barred by limitations.

### I.

As a preliminary matter, the Court acknowledges the general rule that "res judicata cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005). However, the Court also observes the Fifth Circuit's pronouncement that "[w]ith respect to a specific affirmative defense such as res judicata, . . . if the facts are . . . conclusively established so that nothing further can be developed by a trial of the issue, the matter may be disposed of upon a motion to dismiss." *Larter & Sons, Inc. v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952); *see also Smith v. Waste Mgmt., Inc.*, 407 F.3d 381, 386–87 (5th Cir. 2005)

(affirming the grant of a Rule 12(b)(6) motion on res judicata grounds). Therefore, "a Rule 12(b)(6) dismissal on the basis of the doctrine is appropriate when it is clear from the complaint and other matters of which the courts takes judicial notice, that the plaintiff's claims are barred as a matter of law." *Rocky Mountain Choppers, LLC v. Textron Fin. Corp.*, 2012 WL 6004177, at *4 n.4 (N.D. Tex. Dec. 3, 2012) (quoting *Houbigant, Inc. v. Dev. Specialists, Inc.*, 229 F. Supp. 2d 208, 220 (S.D.N.Y. 2002)). As set forth herein, it is clear from Du Bois's complaint, the prior state-court proceedings of which the Court may take judicial notice, and Foremost's answer (ECF No. 16) to DuBois's Original Complaint which pleaded res judicata as an affirmative defense, that Du Bois's claims are barred as a matter of law. Accordingly, there is no reason why the Court should not consider the affirmative defense of res judicata raised in Foremost's motion to dismiss. *Thompson v. Dall. City Attorney's Office*, 2017 WL 3189711, at *3 (N.D. Tex. July 27, 2017) (Fish, J.), *aff'd*, 913 F.3d 464 (5th Cir. 2019) (granting motion to dismiss on res judicata grounds); *Helms v. Wells Fargo Bank, N.A.*, 2013 WL 12188349, at *3 (N.D. Tex. Dec. 17, 2013) (Means, J.) (same); *Sale v. GAB Robins N. Am., Inc.*, 2011 WL 13232596, at *2 (N.D. Tex. Feb. 10, 2011) (Godbey, J.), *adhered to on reconsideration*, 2011 WL 13299083 (N.D. Tex. Sept. 9, 2011); *Yeckel v. The Carl B. & Florence E. King Found. Ret. Pension Plan & Welfare Benefit Program*, 2006 WL 2434313, at *3-*7 (N.D. Tex. Aug. 21, 2006) (Fitzwater, J.) (same).

"Under the Full Faith and Credit Clause of the United States Constitution, '[a] final judgment in one state, if rendered by a court with adjudicatory authority

over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land.'" *Sims v. City of Madisonville*, 894 F.3d 632, 644 (5th Cir. 2018) (quoting *Baker v. Gen. Motors Corp.*, 522 U.S. 222, 223 (1998)). When determining a prior state court judgment's preclusive effect, courts "apply the law of the state in which the judgment was rendered." *Klein v. Walker*, 708 F. App'x 158, 159 (5th Cir. 2017) (per curiam) (citing *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011)); *see also Sims*, 894 F.3d at 644 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Res judicata under Texas law consists of three elements: "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Norris v. Hearst Tr.*, 500 F.3d 454, 460–61 (5th Cir. 2007) (citing *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). "If all three elements are satisfied, claims that have been finally adjudicated, or claims that arise out of the same occurrence and that could have been litigated, are precluded by res judicata." *Sims*, 894 F.3d at 644 (quoting *Amstadt*, 919 S.W.2d at 652)).

The first element of res judicata is satisfied. Under Texas law, a judgment is final if it disposes of all remaining claims and parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "To be a final judgment, a summary judgment must dispose of all the parties and issues in a lawsuit." *McGowen v. Huang*, 120 S.W.3d 452, 461 (Tex. App.—Texarkana 2003, pet. denied) (citing *Chase Manhattan*

8

*Bank, N.A. v. Lindsay*, 787 S.W.2d 51, 53 (Tex. 1990)). Finality "must be resolved by a determination of the intention of the court as gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties." *Id.* at 203. Here, Judge Martin Hoffman of the 68th Judicial District Court, Dallas County, Texas, granted two summary judgments dismissing Du Bois's entire case. *See* Def.'s App. at 106, 172-176. Because the December 5, 2016 summary judgment order in the State Court Lawsuit disposed of all pending claims and parties, it constitutes a final judgment. Thus, the first element of res judicata is met.

The second element of res judicata is also satisfied. In the State Court Lawsuit, Du Bois was the sole plaintiff and Foremost was the sole defendant. Def.'s App. at 33-35. Thus, the parties to this lawsuit are identical to the parties in the State Court Lawsuit.

The third element of res judicata is satisfied because Du Bois's claims arise out of the same subject matter as, and could have been brought in, the State Court Lawsuit. Texas courts apply a transactional test when determining if a plaintiff's second action is based on the same claims or operative facts as the plaintiff's first action. *Barr v. Resolution Tr. Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992) ("We reaffirm the 'transactional' approach to res judicata. A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of diligence, could have been litigated in a prior suit."). Under this transactional test, actions arise out of the same

9

transaction or occurrence if the underlying facts for both cases are related "in time, space, origin or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Weaver*, 660 F.3d at 907 (quoting *Getty Oil Co. v. Ins. Co. of N.A.*, 845 S.W.2d 794, 799 (Tex. 1992)).

    Du Bois's State Court Lawsuit and the present lawsuit arise out of the same transaction or occurrence. In the State Court Lawsuit, Du Bois pleaded that Foremost "failed to timely and wholly compensate Dr. Du Bois for her . . . services – willfully withholding her pay for approximately one year despite the expressed [sic] terms of the parties' written agreement and Dr. Du Bois' [sic] request for total pay earned from work and incentives." Def.'s App. at 35, ¶ 9. She also pleaded that when she reported Foremost's alleged ethical and legal violations, Foremost retaliated against her "by terminating her employment on false, libelous grounds." *Id.* at 36, ¶ 11. In her Amended Complaint in this lawsuit, Du Bois pleads that the "discriminatory conduct of which Plaintiff complains includes Termination of employment, unequal terms and conditions of employment and Retaliation." Am. Compl. at 2. Du Bois's description of each lawsuit and facts recounted in both cases establish that they share a common nucleus of operative facts—her employment and termination. *See Cooper v. City of Dall., Tex.*, 2008 WL 2280554, at *6 (N.D. Tex. Aug. 11, 2008) ("Certainly, the facts made the basis of plaintiff's claims in both cases arise out of the same subject matter—the terms and conditions of her employment . . . and the ultimate separation therefrom."); *see also Moreno v. Irons*, 2000 WL 463728, at *3 (Tex. App.—Dallas Apr. 25, 2000, no pet.) ("The

two lawsuits at issue involve the same causes of action because they both arise out of the termination of appellants' employment [ ] and the reasons behind their termination—the same nucleus of operative facts."). Because Du Bois's lawsuit arises out of the same transaction or occurrence as the State Court Lawsuit, the third element of res judicata is met.

To the extent that Du Bois's Amended Complaint pleads claims under federal law that she did not plead in her State Court Lawsuit, Du Bois could have brought them in the State Court Lawsuit, and, thus, they are barred. First, when a plaintiff exercising due diligence could have asserted claims involving violations of federal statutes in a state court case that proceeds to judgment, those federal claims should be barred in subsequent federal litigation. *See Cooper*, 2000 WL 2280554, at *6 (citing *Turner v. City of Carrollton Civil Serv. Comm'n*, 884 S.W.2d 889, 894 (Tex. App.—Amarillo 1994, no pet.)) ("With due diligence, all of the claims asserted by plaintiff in the consolidated federal action, including those claims involving violations of federal statutes, could have been litigated in [the state court suit]."). Because in her State Court Lawsuit Du Bois complained Foremost retaliated against her and unfairly compensated her, she could have pleaded parallel federal retaliation or compensation-based claims in state court. And with due diligence, her claims in this suit for race, color, sex, or age discrimination could have been litigated in the State Court Lawsuit. Indeed, the record reflects that, at the latest, she could have brought *all* her federal claims pleaded in this lawsuit in her State Court Lawsuit after certain individuals gave

11

deposition testimony. Du Bois's allegations in her Amended Complaint reference deposition testimony to bolster her pleading of federal causes of action, and Du Bois even goes so far as to say that the State Court Lawsuit deposition testimony will help her prove her claims in this lawsuit. Am. Compl. 2-4. Du Bois could have added—or at least attempted to add—federal claims to her State Court Lawsuit after she obtained that deposition testimony. Second, to the extent that Du Bois required a right-to-sue letter from the EEOC to bring federal claims, she could have "requested a stay or continuance in the state court action until she received her right-to-sue letter." *Caro v. City of Dallas*, 2016 WL 397084, at *10 (N.D. Tex. Feb. 1, 2016) (Lindsay, J.) (citing *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004)). "A plaintiff is barred from bringing claims when he or she fails to take measures to avoid preclusion under res judicata while the requisite administrative remedies are being pursued." *Id.* (citing *Davis*, 383 F.3d at 315). Because Du Bois already litigated or could have litigated in her State Court Lawsuit the claims asserted in this case, res judicata bars her from bringing those claims in this Court, and they should be dismissed.

## II.

Plaintiffs bringing claims for discrimination or retaliation under Title VII and the ADEA must exhaust administrative remedies by filing a timely charge with the EEOC and receiving a right-to-sue notice. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996). Once a claimant receives the right-to-sue notice, she has 90 days

12

to file a civil action. *Taylor*, 296 F.3d at 379. This requirement is strictly construed and essentially operates as a statute of limitations. *Id.* (citations omitted); *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1257 (5th Cir. 1985). "When the date on which a right-to-sue letter was actually received is . . . disputed, courts have presumed various receipt dates ranging from three to seven days after the letter was mailed." *Taylor*, 296 F.3d at 379 (collecting cases).

Du Bois filed a separate cause on November 27, 2018 and, for the first time in any lawsuit, attached her EEOC right-to-sue letter. *See* Compl. (ECF No. 3 in Cause No. 3:18-cv-03118-L). In her Amended Complaint, Du Bois alleges she filed an EEOC charge on August 21, 2018, and the EEOC issued the right-to-sue letter the same day. Am. Compl. at 5. Du Bois does not allege when she received the letter. Even giving her the benefit of the doubt as a *pro se* party and applying the later presumptive receipt date of August 28, 2018 (seven days after August 21, 2018), her 90-day deadline to file a civil action was Monday, November 26, 2018. Thus, her discrimination and retaliation claims are untimely by one day. To be sure, one day is not a large margin of untimeliness. And the Court notes that the date-of-receipt "presumption does not apply where a plaintiff demonstrates that she failed to receive the letters through no fault of her own or presents some other equitable reason for tolling the statute." *Bowers v. Potter*, 113 F. App'x 610, 613 (5th Cir. 2004) (per curiam). But Du Bois failed to respond to Foremost's Motion to Dismiss and to provide any basis for tolling her limitations period. The 90-day deadline must be strictly construed. *Taylor*, 296 F.3d at 379. Thus, Du Bois's

13

claims of color, gender, age discrimination, and retaliation under Title VII and the ADEA must be dismissed.

## Recommendation

Because Plaintiff Jacqueline C. Du Bois has failed to state a claim upon which relief can be granted, Defendant Martin Luther King, Jr., Family Clinic d.b.a. Foremost Family Health Centers's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 29) should be **GRANTED**. Du Bois's complaint should be dismissed with prejudice.

Dated August 15, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).